United States Courts
Southern District of Texas
FILED

OCT 1 8 2017

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | **17 CR 6 1 4** |
| v. | § § | CRIMINAL NO. H-17- |
| SONJA MARTINEZ, MICHELL GARCIA, and RAY TORRES | § § § § | |

### INDICTMENT

THE GRAND JURY CHARGES THAT:

At all times material to this Indictment:

### COUNT ONE
(Conspiracy to Commit Wire Fraud, 18 U.S.C. § 371)

## A. INTRODUCTION

1. In 2013, **SONJA MARTINEZ ("MARTINEZ"), MICHELL GARCIA ("GARCIA"),** and **RAY TORRES ("TORRES")** were employed in Houston, Texas, by a nationwide company that installs, tests, and monitors fire and security systems ("Company").

2. The Company was headquartered in Florida, but had a monitoring location in Houston, Texas ("Houston branch"). The Company acquired its Houston branch from a prior firm, and **MARTINEZ, GARCIA** and **TORRES** worked at the prior firm before the acquisition.

3. After the acquisition, **MARTINEZ** and **GARCIA** were the only employees

1

in the accounting department of the Company's Houston branch.

4. **MARTINEZ** was the controller/manager of the accounting department, and she was the record keeper for the Company's accounting system. **GARCIA** handled accounts payable, and reported to **MARTINEZ**. **GARCIA'S** job duties included creating vendor accounts and inputting payment requests from vendors. **TORRES** worked in the Company's Human Resources and payroll department.

5. Before May 2013, the Company's Bank was Mellon Bank. Beginning in or about May 2013, the Company's Bank was PNC Bank, which had no branches in Texas.

6. With Mellon Bank, and later with PNC Bank, **GARCIA** would log into the bank's electronic platform from a computer terminal in Houston to create vendor accounts and input payment requests from vendors.

7. The Company used outside vendors to install its alarm systems and would pay vendors for installation services via Automated Clearing House ("ACH") transfers from the Company's bank account.

8. An ACH transfer is a computer-based clearing and settlement program used to process electronic transactions, such as direct debit, between participating banks.

9. Once the payment requests were input into the bank's computer system, **GARCIA** and **MARTINEZ** would send **TORRES** a form listing all the vendor payments that needed to be paid that day.

10. At times during his employment with the Company or its predecessor Company, **TORRES** had authority to release payments to vendors from the Company's bank accounts using a bank token. At other times, **MARTINEZ** and **GARCIA** had a bank token to release payments.

11. A bank token is a security device used to prove one's identity electronically, as in the case of a customer trying to access their bank account. The token is used in addition to or in place of a password to prove the customer is who they claim to be. The token acts like an electronic key to the account.

### B. THE CONSPIRACY

12. From in or about November 2011 and continuing through in or about May 2016, in the Houston Division of the Southern District of Texas and elsewhere,

> **SONJA MARTINEZ,**
> **MICHELL GARCIA,**
> **and RAY TORRES**

defendants herein, did knowingly combine, conspire, confederate, and agree with others known and unknown to commit the following offense against the United States:

> To use interstate wire facilities for the purpose of executing a scheme and artifice to defraud and for obtaining money or property by means of material false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1343.

## C. MANNER AND MEANS OF THE CONSPIRACY

13. Defendants sought to accomplish the purpose of the conspiracy by:

   a. Creating fake vendor payment requests in the bank's computer system to divert money from the Company's bank accounts to themselves or their family members.

   b. Using, or causing to be used, bank tokens to release money from the Company's bank accounts to their own bank accounts or to their relatives' bank accounts.

## D. ACTS IN FURTHERANCE OF THE CONSPIRACY

14. On or about March 27, 2012, **MARTINEZ** and **GARCIA** input or caused to be input falsified entries for vendor payments of $2,160.84, $2,160.84, and $2,160.83 into Mellon Bank's computer system.

15. On or about March 27, 2012, **MARTINEZ** and **GARCIA** gave **TORRES** a list of the falsified vendor payment requests so that **TORRES** could locate them in the Mellon Bank's computer system.

16. On or about March 27, 2012, **TORRES,** knowing that the payment requests in Mellon Bank's computer system were fraudulent, used his bank token to release funds from the Company's bank account as follows: $2,160.84 to **MARTINEZ'** husband's bank account; $2,160.84 to **GARCIA'S** bank account; and $2,160.83 to **TORRES'** own bank account.

17. On or about December 5, 2013, **MARTINEZ** and **GARCIA** input or caused to be input falsified entries for vendor payments of $3,590.88, $1,950.57, $3,011.55, and $1,780.20 into PNC Bank's computer system.

18. On or about December 5, 2013, **MARTINEZ** and **GARCIA,** knowing that the payment requests in PNC Bank's computer system were fraudulent, used or caused to be used a bank token to release funds from the Company's bank account as follows: $3,590.88 to **TORRES'** bank account; $1,950.57 to **MARTINEZ'** husband's bank account; $3,011.55 to **GARCIA'S** husband's bank account; and $1,780.20 to **MARTINEZ'** son's bank account.

## COUNTS TWO-NINE
(Wire Fraud, 18 U.S.C. § 1343)

A. **INTRODUCTION**

1. Paragraphs 1 through 12 of the Introduction section of this Indictment are incorporated herein by reference as if set forth in their entirety.

B. **THE SCHEME TO DEFRAUD**

2. From in or about November 2011, and continuing through in or about May 2016, in the Southern District of Texas and elsewhere, the defendants,

**SONJA MARTINEZ,
MICHELL GARCIA,
and RAY TORRES**

5

did knowingly devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of material false and fraudulent pretenses, representations, and promises.

## C. THE MANNER AND MEANS OF THE SCHEME

1. The defendants fraudulently input, or caused to be input, fictitious vendor payment requests into the Company's computer system to divert money from the Company's bank accounts to themselves.

2. The defendants fraudulently used, or caused to be used, a bank token to release money from the Company's bank accounts to their own bank accounts or to the accounts of their relatives.

## D. EXECUTION OF THE SCHEME

3. On or about the dates specified below, within the Houston Division of the Southern District of Texas and elsewhere, the defendants, for the purpose of executing the scheme and artifice to defraud, and attempting to do so, did knowingly transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, certain writings, sign, signals, pictures and sounds, as more particularly described below:

| Count | Date | Description |
|---|---|---|
| 2 | 12/5/13 | **MARTINEZ, GARCIA,** and **TORRES** input or caused to be input a falsified entry for a vendor payment of $3,590.88 from a computer in Texas to PNC Bank's computer server outside of Texas. |

| 3 | 12/5/13 | **MARTINEZ, GARCIA,** and **TORRES** used or caused to be used an electronic bank token on a computer in Texas to release $3,590.88 from the Company's account at PNC Bank outside of Texas. |
|---|---|---|
| 4 | 12/5/13 | **MARTINEZ** and **GARCIA** input or caused to be input a falsified entry for a vendor payment of $1,950.57 from a computer in Texas to PNC Bank's computer server outside of Texas. |
| 5 | 12/5/13 | **MARTINEZ** and **GARCIA** used or caused to be used an electronic bank token on a computer in Texas to release $1,950.57 from the Company's account at PNC Bank outside of Texas. |
| 6 | 12/5/13 | **MARTINEZ** and **GARCIA** input or caused to be input a falsified entry for a vendor payment of $3,011.55 from a computer in Texas to PNC Bank's computer server outside of Texas. |
| 7 | 12/5/13 | **MARTINEZ** and **GARCIA** used or caused to be used an electronic bank token on a computer in Texas to release $3,011.55 from the Company's account at PNC Bank outside of Texas. |
| 8 | 12/5/13 | **MARTINEZ** and **GARCIA** input or caused to be input a falsified entry for a vendor payment of $1,780.20 from a computer in Texas to PNC Bank's computer server outside of Texas. |
| 9 | 12/5/13 | **MARTINEZ** and **GARCIA** used or caused to be used an electronic bank token on a computer in Texas to release $1,780.20 from the Company's account at PNC Bank outside of Texas. |

In violation of Title 18, United States Code, Section 1343 and 2.

## NOTICE OF CRIMINAL FORFEITURE
28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C)

Pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C), the United States gives notice to the defendants,

**SONJA MARTINEZ,
MICHELL GARCIA, and
RAY TORRES**

That in the event of conviction of the offenses charged in Counts 1 - 9 of this Indictment, the United States intends to seek forfeiture of all property, real or personal, which constitutes or is derived from proceeds traceable to such offenses.

The property subject to forfeiture is estimated to be, but is not limited to, approximately $1,661,163 (one million six hundred sixty-one thousand one hundred sixty three) in United States dollars. In the event that a condition listed in Title 21, United States Code, Section 853(p) exists, the United States will seek to forfeit any other property of the defendants in substitution up to the total value of the property subject to forfeiture. The United States may seek the imposition of a money judgment against each defendant.

A TRUE BILL

ORIGINAL SIGNATURE ON FILE

FOREPERSON OF THE GRAND JURY

ABE MARTINEZ
Acting United States Attorney

By: *Belinda Beek*
Belinda Beek
Assistant United States Attorney
(713) 567-9721